# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LONNIE KEVIN CRANE,

        Plaintiff,

v.                                                     Civil Action No. 5:06cv83
                                                                       (Judge Stamp)

TYGART VALLEY REGIONAL JAIL,

        Defendants.

## REPORT AND RECOMMENDATION

On July 6, 2006, *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendant. Plaintiffs' motion to proceed as a pauper was granted on September 22, 2006. This case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 83.02, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.

## I. The Complaint

In the complaint, Plaintiff asserts that when he arrived at the Tygart Valley Regional Jail ("TVRJ") there was no phone service or law library. In addition, the water was dark brown and came from a tanker outside that was filled with water straight from the river using a fire truck. Plaintiff asserts that as a result, he contracted a serious staph infection for which he took extremely strong antibiotics for months. However, Plaintiff states that the real issue in this case is the law library and that he raises the other issues only to inform the Court of those situations.

As to the law library, Plaintiff states the law library is illegal and unconstitutional for numerous reasons. First, Plaintiff asserts that inmates are allowed only one hour per day and no time on the weekends. Second, inmates are only permitted to possess five pieces of paper.

Third, there is no paralegal and the only reference books available are a criminal law book, a book on prisoner rights, a criminal justice book and a law dictionary. Fourth, although Plaintiff concedes that the law library is equipped with a computer so inmates can access Westlaw, "it will not let you access it."[1] Complaint at 3. Even if you could, Plaintiff asserts that there is no one available to show the inmates how to use that system. Fifth, Plaintiff asserts that the TVRJ has failed to follow certain law library guidelines by failing to allow inmates to check out five books a week, failing to grant inmates a minimum of 15 hours a week access with unlimited access the week prior to a court date, and by failing to provide a paralegal for assistance at all times. Plaintiff asserts that by failing to adhere to these minimum standards the TVRJ is violating the inmates' right to counsel and such violation is an automatic reversal of sentence.

Plaintiff also asserts that while there is a satellite law library for segregated inmates, the law library facilities at TVRJ are still inadequate. Plaintiff asserts that he grieved these issues to staff, but that staff has failed to respond to his grievances. Instead, Plaintiff asserts that staff has strip-searched him in an effort to get Plaintiff to stop bothering them with these issues.

As relief, Plaintiff seeks financial reimbursement for time missed from work. Plaintiff also wants his criminal case dismissed because he was not permitted to do research when his criminal case was pending. Plaintiff also asks for a "fair day in court" because his lawyer was incompetent and he was not permitted to speak on his own behalf before the circuit judge.

## II. Standard of Review

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant

---

[1] It is not clear whether Plaintiff is asserting that the computer is not allowing access or if Westlaw itself is not allowing access.

to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim is not automatically frivolous. See Neitzke, 490 U.S. at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. Analysis

**A. Tygart Valley Regional Jail**

In the complaint, Plaintiff names only the TVRJ as a defendant in this action. However, the TVRJ is not a person for purposes of 42 U.S.C. § 1983. See Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989) (Claims under § 1983 are directed at persons); see also Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); Preval v. Reno, 203 F.3d 821 (4th Cir. 2000) (unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under §42 U.S.C. 1983"); Roach v. Burch, 825 F. Supp. 116 (N.D.W.Va. 1993)

---

[2] Id. at 327.

(The West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983). Accordingly, the TVRJ is not a proper party to this action and because Plaintiff fails to name any other defendants, the complaint should be dismissed in its entirety.[3]

**B. Plaintiff's Individual Claims**

Even if Plaintiff were to name a proper party defendant, the following claims would still be subject to summary dismissal.[4]

  1. Retaliation

In order to sustain a claim based on retaliation, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994). Therefore, "in forma pauperis plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked conclusory allegations of reprisal to survive [§ 1915(e)(2)(B) ]." Id. Furthermore, claims of retaliation are treated with skepticism in the prison context. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir.1996).

In his complaint, Plaintiff asserts, in essence, that he was strip-searched in retaliation for filing grievances about the inadequacy of the law library. However, inmates do not have a constitutional right to participate in grievance procedures. Adams, 40 F. 3d at 75. Thus, Plaintiff can state no retaliation claim regarding the filing of his grievances.

  2. Effect of Any Errors in Plaintiff's Criminal Case

In his complaint, Plaintiff asserts that counsel was ineffective in his criminal case.

---

[3] Plaintiff seeks only monetary damages and the reversal of his sentence.

[4] The Court has not address Plaintiff's claim regarding the quality of the water and the lack of telephone service since Plaintiff has asserted that those problems are not the real issue in this case.

Moreover, Plaintiff complains that the presiding judge refused to grant him new counsel, refused to allow him to speak on his own behalf, and raised Plaintiff's bond amount when he tried to consult with counsel. As a result, Plaintiff seeks a fair day in court with a competent attorney.

These claims are clearly not cognizable under § 1983 at this time. See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) ("a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody"); see also Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2373 (1994) ("in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .") (footnote omitted). Accordingly, any claims regarding Plaintiff's criminal conviction should have been raised in a petition for writ of habeas corpus and should be dismissed from this action without prejudice.

## IV. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that Plaintiff's claims against the TVRJ be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915A and 1915(e) for the failure to state a claim. In light of this finding, the undersigned recommends that Plaintiff's claims regarding the TVRJ's law library be **DISMISSED without prejudice.** Additionally, the undersigned recommends that Plaintiff's retaliation claim be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915A and 1915(e) for the failure to state a claim.

5

Finally, the undersigned recommends that Plaintiff's claims pertaining to his criminal case be **DISMISSED without prejudice** to Plaintiff's right to reassert those claims in a petition for writ of habeas corpus.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: November 16, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE