IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LONNIE KEVIN CRANE,

    Plaintiff,

v.                                                  Civil Action No. 5:06CV83
                                                          (STAMP)

TYGART VALLEY REGIONAL JAIL,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On July 6, 2006, the pro se plaintiff, Lonnie Kevin Crane, filed a civil rights complaint seeking monetary damages and reversal of his sentence against the defendant, Tygart Valley Regional Jail ("TVRJ"). The Court referred the case to United States Magistrate Judge James E. Seibert, pursuant to Local Rule of Prisoner Litigation Procedure 83.09, to recommend disposition of this matter. On November 17, 2006, the magistrate judge entered a report recommending that the plaintiff's claims against TVRJ be dismissed with prejudice because TVRJ is not a person. Additionally, the magistrate judge recommends that the plaintiff's claims regarding TVRJ's law library be dismissed without prejudice and the plaintiff's retaliation claim be dismissed with prejudice. Finally, the magistrate judge recommends that the plaintiff's claims pertaining to his criminal case be dismissed without prejudice.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. To date, no objections have been filed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Discussion

The plaintiff's complaint is filed only against TVRJ, who is not a person for purposes of 42 U.S.C. § 1983. See e.g. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989)("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983.") The magistrate judge correctly found that the TVRJ is not a proper party to this action. Accordingly, the complaint should be dismissed in its entirety.

Further, the magistrate judge found that even if the plaintiff had named a proper party defendant, the following claims would still be subject to summary dismissal.

A.  Retaliation

In order to sustain a claim based upon retaliation, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72 (4th Cir. 1994).

In his complaint, the plaintiff asserts that he was strip-searched in retaliation for filing grievances regarding the inadequacy of the law library. Inmates do not have a constitutional right to participate in grievance procedures. Id. at 75. Accordingly, the magistrate judge correctly found that the plaintiff cannot state a claim for retaliation for filing a grievance.

B.  Effect of any Errors in Plaintiff's Criminal Case

In his complaint, the plaintiff asserts that his counsel for his criminal charges was ineffective. The plaintiff asserts that the presiding judge refused to grant his request for new counsel, refused to allow him to speak on his own behalf and raised the plaintiff's bond amount when he tried to consult with his counsel. The plaintiff argues that he should have a fair day in court with competent counsel.

The magistrate judge found that these claims are not cognizable under § 1983 at this time. See Preiser v. Rodriquez, 411 U.S. 475, 499 (1973)("a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.")

Thus, any claims regarding the plaintiff's criminal conviction should have been raised in a petition for writ of habeas corpus. Accordingly, the magistrate judge correctly found that any claims regarding the plaintiff's criminal conviction should be dismissed from this action without prejudice to the plaintiff's right to reassert the claims in a petition for writ of habeas corpus.

### III. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the plaintiff's claims against the Tygart Valley Regional Jail are hereby DISMISSED WITH PREJUDICE. Additionally, the plaintiff's claims regarding Tygart Valley Regional Jail's law library are hereby DISMISSED WITHOUT PREJUDICE, the plaintiff's retaliation claim is hereby DISMISSED WITH PREJUDICE and the plaintiff's claims pertaining to his criminal case are hereby DISMISSED WITHOUT PREJUDICE. It is

further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff, Lonnie Kevin Crane, and counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: December 28, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE